IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

J.P.S.T.,                                          :
                                                   :
                          Petitioner,              :
                                                   :
            v.                                     :        Case No. 4:26-cv-858-CDL-CHW
                                                   :        28 U.S.C. § 2241
Warden, STEWART DETENTION                          :
CENTER, *et al.*,                                  :
                                                   :
                          Respondents.             :
                                                   :
_____           :

## ORDER

On May 22, 2026, Jenny Marcela Rivera filed an application for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 1) on behalf of Petitioner J.P.S.T. The petition is signed only by Ms. Martinez, who claims next friend standing "because Petitioner remains under physical detention with limited access to legal resources and is unable to effectively prepare and independently file this emergency federal action." (Doc. 1). She identifies herself as Petitioner's cousin. (*Id.*).

Someone acting as "next friend" may file a habeas petition on behalf of a person unable to seek relief himself. *Francis v. Warden*, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) (citing *Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999)); *see also* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). To show standing, the next friend must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Francis*, 246 F. App'x at 622 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)).

1

While Ms. Rivera cites Petitioner's detention and limited access to legal resources and the courts, the Court regularly receives signed *pro se* applications from detainees at Stewart Detention Center. Ms. Rivera does not provide an explanation of why Petitioner's circumstances differentiate him from the other detainees at Stewart Detention Center. As such, in order for this matter to proceed, Ms. Rivera must either provide additional information for why she should be allowed to proceed as next friend for Petitioner, or the Court must receive an application for habeas relief signed by Petitioner personally. The Clerk is DIRECTED to provide the appropriate standard habeas form for this purpose. The Clerk is DIRECTED to mail a copy of this Order and standard habeas form to both Ms. Rivera and to Petitioner.  Petitioner shall have twenty-one (21) days to comply with this order.  Failure to comply may result in dismissal of this action.

**SO ORDERED**, this 5th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2